UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| Steven Brody<br>　　　　Plaintiff<br><br>v.<br><br>Town of Medway, Maryjane White, in her capacity of Chair of Board of Selectmen, Dennis Crowley in his capacity as Vice Chair of Board of Selectmen, Frank Rossi in his capacity of Clerk of Board of Selectmen, Glen Trindade in his capacity as Member of Board of Selectmen, John Foresto in his capacity as Member of Board of Selectmen, Michael Boynton in his capacity as Town Manager, Allison Potter in her capacity as Assistant Town Manager, Kathrine Bird in her capacity as Human Resource Coordinator, Jack Mee in his capacity as Building Commissioner, Rindo Barese in his capacity as Building Inspector, Beth Hallal in her capacity as Medway Board of Health Agent, Bridget Graziano in her capacity as Medway Conservation Commission Agent, Joanne Russo in her capacity as Medway Treasure Collector, Jeffery Lynch in his capacity as Fire Chief, Michael Fasolino in his capacity as Deputy Fire Chief, and Barbara Saint Andre in her capacity as Community and Economic Director<br>　　　　Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. |

**COMPLAINT FOR DECLARATORY RELIEF**

**PARTIES**

1. The Plaintiff, Steven Brody, is an individual who resides at 39 West St., Medway, MA 02053.

2. The Defendant, Town of Medway, is a town located in Medway, MA. City Hall has an address of 155 Village Street, Medway MA 02053.

3. Defendant Maryjane White is an individual, in her capacity of Chair of Board of Selectmen, with an address as 155 Village Street, Medway MA 02053.

4. Defendant Dennis Crowley is an individual, in his capacity as Vice Chair of Board of Selectmen, with an address 155 Village Street, Medway MA 02053.

5. Defendant Frank Rossi is an individual, in his capacity of Clerk of Board of Selectmen, with an address of 155 Village Street, Medway MA 02053.

6. Defendant Glen Trindade is an individual, in his capacity as Member of Board of Selectmen, with an address of 155 Village Street, Medway MA 02053.

7. Defendant John Foresto is an individual, in his capacity as Member of Board of Selectmen, with an address of 155 Village Street, Medway MA 02053.

8. Defendant Michael Boynton is an individual, in his capacity as Town Manager, with an address of 155 Village Street, Medway MA 02053.

9. Defendant Allison Potter is an individual, in her capacity as Assistant Town Manager, with an address of 155 Village Street, Medway MA 02053.

10. Defendant Kathrine Bird is an individual, in her capacity as Human Resource Coordinator, with an address of 155 Village Street, Medway MA 02053.

11. Defendant Jack Mee is an individual, in his capacity as Building Commissioner, with an address of 155 Village Street, Medway MA 02053.

12. Defendant Rindo Barese is an individual, in his capacity as Building Inspector, with an address of 155 Village Street, Medway MA 02053.

13. Defendant Beth Hallal is an individual, in her capacity as Medway Board of Health Agent, with an address of 155 Village Street, Medway MA 02053.

14. Defendant Bridget Graziano is an individual, in her capacity as Medway Conservation Commission Agent, with an address of 155 Village Street, Medway MA 02053.

15. Defendant Joanne Russo is an individual, in her capacity as Medway Treasure Collector, with an address of 155 Village Street, Medway MA 02053.

16. Defendant Jeffery Lynch is an individual, in his capacity as Fire Chief, with an address of 44 Milford Street, Medway, MA 02053

17. Defendant Michael Fasolino is an individual, in his capacity as Deputy Fire Chief, with an address of 44 Milford Street, Medway, MA 02053.

18. Defendant Barbara Saint Andre is an individual, in her capacity as Community and Economic Director, with an address of 155 Village Street, Medway MA 02053.

## JURISDICTION AND VENUE

19. The Court has Subject Matter Jurisdiction under 42 U.S.C. §§ 1331, 1343.

20. The Court has Personal Jurisdiction the town of Medway, and the individuals acting as agents of the town, because they have acted, act and threaten to act under the color of the laws of the Commonwealth of Massachusetts and did so, do so and threaten to do so within the geographic confines of the Commonwealth of Massachusetts.

21. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

22. Steven Brody is an individual who lives in Medway and engages in real estate transactions.

23. Steven Brody is also employed as a Fire Fighter in the Town of Medway.

24. Steven Brody has had an ongoing battle with the Town of Medway because he helped the police with another matter.

25. Steven Brody was told that by assisting the police, as a member of the Fire Department, he created an image of mistrust between the departments.

26. Defendants, in all their capacities, have hindered Steven Brody in his contractual duties.

27. Defendants have used their positions with the town to continually deny and revoke permits on several of Steven Brody's properties in retaliation for the ongoing issues.

28. These denials have directly hindered Steven Brody from being able to fulfil his contractual duties with another party that is not named in this suit.

29. The Defendants have, and continue to, use their position of power to harass Steven Brody.

## COUNT I – HARASMENT IN VIOLATION OF 42 U.S. Code § 1983 - CIVIL ACTION FOR DEPRIVATION OF RIGHTS

**Steven Brody**

**v.**

3

**Town of Medway, Maryjane White, in her capacity of Chair of Board of Selectmen, Dennis Crowley in his capacity as Vice Chair of Board of Selectmen, Frank Rossi in his capacity of Clerk of Board of Selectmen, Glen Trindade in his capacity as Member of Board of Selectmen, John Foresto in his capacity as Member of Board of Selectmen, Michael Boynton in his capacity as Town Manager, Allison Potter in her capacity as Assistant Town Manager, Kathrine Bird in her capacity as Human Resource Coordinator, Jack Mee in his capacity as Building Commissioner, Rindo Barese in his capacity as Building Inspector, Beth Hallal in her capacity as Medway Board of Health Agent, Bridget Graziano in her capacity as Medway Conservation Commission Agent, Joanne Russo in her capacity as Medway Treasure Collector, Jeffery Lynch in his capacity as Fire Chief, Michael Fasolino in his capacity as Deputy Fire Chief, and Barbara Saint Andre in her capacity as Community and Economic Director**

30. Plaintiff repeats and realleges paragraphs one through twenty-eight as though fully set forth herein.

31. Under color of their position, the defendants harassed plaintiff for his participation in a police operation.

32. Defendants used their position to deny permits that they knew Plaintiff needed.

33. Defendants used their position to make sure that Plaintiff had permits revoked.

34. Defendants knew that by doing this, Plaintiff would not be able to complete his contractual obligations,

35. Defendants repeatedly communicate with each other, and use each other's positions, to cause Plaintiff harm and stop him from being able to do anything with his properties.

### COUNT II – INTERFERENCE OF CONTRACTUAL OBLIGATIONS IN VIOLATION OF 42 U.S. Code § 1983 - CIVIL ACTION FOR DEPRIVATION OF RIGHTS

**Steven Brody**

**v.**

**Town of Medway, Maryjane White, in her capacity of Chair of Board of Selectmen, Dennis Crowley in his capacity as Vice Chair of Board of Selectmen, Frank Rossi in his capacity of Clerk of Board of Selectmen, Glen Trindade in his capacity as Member of Board of Selectmen, John Foresto in his capacity as Member of Board of Selectmen, Michael Boynton in his capacity as Town Manager, Allison Potter in her capacity as Assistant Town Manager, Kathrine Bird in her capacity as Human Resource Coordinator, Jack Mee in his capacity as Building Commissioner, Rindo Barese in his capacity as Building Inspector,**

**Beth Hallal in her capacity as Medway Board of Health Agent, Bridget Graziano in her capacity as Medway Conservation Commission Agent, Joanne Russo in her capacity as Medway Treasure Collector, Jeffery Lynch in his capacity as Fire Chief, Michael Fasolino in his capacity as Deputy Fire Chief, and Barbara Saint Andre in her capacity as Community and Economic Director**

36. Plaintiff repeats and realleges paragraphs one through thirty-five as though fully set forth herein.

37. Defendants used their positions to make it so that Plaintiff could not fulfill his contractual duties.

38. Plaintiff has a contract with another party that is not a part of this suit.

39. Plaintiff needs several permits to be able to move a building, which will allow the other company to put in a parking lot.

40. Plaintiff has applied for the permits.

41. Defendants, using their positions, refused to give Plaintiff the permits needed.

42. Defendants, using their positions, knew that Plaintiff needed these permits, and refused to grant them.

43. Defendants directly are interfering with Plaintiff's ability to fulfill his contractual obligations.

**COUNT III – RETALIATION IN VIOLATION OF 42 U.S. Code § 1983 - CIVIL ACTION FOR DEPRIVATION OF RIGHTS**

**Steven Brody**

**v.**

**Town of Medway, Maryjane White, in her capacity of Chair of Board of Selectmen, Dennis Crowley in his capacity as Vice Chair of Board of Selectmen, Frank Rossi in his capacity of Clerk of Board of Selectmen, Glen Trindade in his capacity as Member of Board of Selectmen, John Foresto in his capacity as Member of Board of Selectmen, Michael Boynton in his capacity as Town Manager, Allison Potter in her capacity as Assistant Town Manager, Kathrine Bird in her capacity as Human Resource Coordinator, Jack Mee in his capacity as Building Commissioner, Rindo Barese in his capacity as Building Inspector, Beth Hallal in her capacity as Medway Board of Health Agent, Bridget Graziano in her capacity as Medway Conservation Commission Agent, Joanne Russo in her capacity as Medway Treasure Collector, Jeffery Lynch in his capacity as Fire Chief, Michael Fasolino**

**in his capacity as Deputy Fire Chief, and Barbara Saint Andre in her capacity as Community and Economic Director**

44. Plaintiff repeats and realleges paragraphs one through forty-three as though fully set forth herein.

45. Defendants, under the color of their position, retaliated against Plaintiff for his role in an effort made by the police department.

46. Defendants, under the color of their position, repeatedly denied, revoked, and harassed Plaintiff for the role he played in the event with the police department.

47. Defendants, under the color of their position, sought to make Plaintiff's life harder.

## COUNT IV– ABUSE OF POWER IN VIOLATION OF 42 U.S. Code § 1983 - CIVIL ACTION FOR DEPRIVATION OF RIGHTS

**Steven Brody**

**v.**

**Town of Medway, Maryjane White, in her capacity of Chair of Board of Selectmen, Dennis Crowley in his capacity as Vice Chair of Board of Selectmen, Frank Rossi in his capacity of Clerk of Board of Selectmen, Glen Trindade in his capacity as Member of Board of Selectmen, John Foresto in his capacity as Member of Board of Selectmen, Michael Boynton in his capacity as Town Manager, Allison Potter in her capacity as Assistant Town Manager, Kathrine Bird in her capacity as Human Resource Coordinator, Jack Mee in his capacity as Building Commissioner, Rindo Barese in his capacity as Building Inspector, Beth Hallal in her capacity as Medway Board of Health Agent, Bridget Graziano in her capacity as Medway Conservation Commission Agent, Joanne Russo in her capacity as Medway Treasure Collector, Jeffery Lynch in his capacity as Fire Chief, Michael Fasolino in his capacity as Deputy Fire Chief, and Barbara Saint Andre in her capacity as Community and Economic Director**

48. Plaintiff repeats and realleges paragraphs one through forty-seven as though fully set forth herein.

49. Defendants, under the color of their position, abused the power that they hold.

50. Defendants used their positions to harass, retaliate, and interfere with Plaintiff's life.

51. Defendants misused and abused the power they held in an attempt to continue to make Plaintiff suffer for the role he played.

## **PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing, the Plaintiff requests that this Honorable Court grant the following relief:

a. Nominal damages for the damages that Plaintiff suffered and continues to suffer;

b. Punitive damages for the actions that the Defendants took while using their positions;

c. An award of attorneys' fees and costs to Plaintiff pursuant to Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), 42 U.S.C. § 1988, and any other applicable statute or authority;

d. Any other relief that this Court in its discretion deems just and proper.

**AND FURTHER, THE PLAINTIFF, STEVEN BRODY, HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS AND ISSUES SO TRIABLE.**

Respectfully submitted,
The Plaintiff,
Steven Brody,
By his attorneys,

/s/ *Andrew J. Couture*
Andrew J. Couture, Esq. BBO # 671193
Elizabeth B. Anderson, Esq. BBO# 706920
Law Office of Andrew J. Couture
77 Merriam Avenue
Leominster, MA 01453
Tel: (978) 502-0221
attycouture@gmail.com
elizabeth.attycouture@gmail.com

Dated:  November 5, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.

/s/ *Andrew J. Couture*
Andrew J. Couture, Esq. BBO # 671193

Dated:  November 5, 2021